UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOHN SAPORITO and PHYLLIS SAPORITO,

                          Plaintiffs,          **MEMORANDUM AND ORDER**
                                                       CV 07-3985 (WDW)
      -against-

KENNETH E. SMITH and DEPARTMENT OF
THE NAVY OF THE UNITED STATES OF
AMERICA,

                          Defendants.
---------------------------------------------------------------X
**APPEARANCES:**

**THOMAS P. RAM, ESQ.**
**THE GUCCIARDO LAW FIRM**
Attorneys for Plaintiffs
99 Wall Street, 19th Floor
New York, New York 10005-4301

**LORETTA E. LYNCH, UNITED STATES ATTORNEY**
By DIANE LEONARDO BECKMANN, ESQ.
**EASTERN DISTRICT OF NEW YORK**
Attorneys for Defendants
610 Federal Plaza
New York, New York 11722

**WALL, Magistrate Judge:**

      This action was brought under the Federal Tort Claims Act, 28, U.S.C. §1346(b), to

recover damages for personal injuries suffered by plaintiff John Saporito ("Saporito") when he

fell from his motorcycle while trying to avoid a collision with a car driven by defendant Kenneth

E. Smith on October 6, 2005. At the time of the accident, Smith was acting within the scope of

his employment with the defendant United States Department of the Navy.

      The liability phase of the trial was heard by the court on April 29, 2010. In a

Memorandum and Order issued on September 21, 2011, I found in favor of plaintiffs. Docket

Entry ("DE") [26]. Although the parties engaged in settlement discussions, the parties failed to agree to a settlement, and I scheduled the damages trial for March 14, 2012. DE [30]. The parties requested and were granted multiple adjournments of the damages trial, but it was eventually held on January 8, 2013. At trial, plaintiffs presented the testimony of Dr. Yan Q. Sun, Saporito, and Phyllis Saporito. Defendants presented the testimony of Dr. Gerald Gorski. Saporito seeks $1,150,000 in past pain and suffering damages, $850,000 in future pain and suffering damages, and $29, 863.76 in past medical bills.[1] Plaintiff's Memorandum in Support ("Pl. Mem.") at 40-41. Defendant submits that Saporito should be awarded no mare than $125,000 in damages. Defendant's Memorandum in Opposition at 24.

Based on the evidence presented, as well as the post-trial materials submitted by the parties, the court makes the following findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure. To the extent that any of the findings of fact may be deemed a legal conclusion, it shall be deemed a conclusion of law, and vice versa.

## I. FINDINGS OF FACT

Based on the testimony given and evidence presented, I find that Saporito suffered the following injuries directly from the accident:

1. Road rash abrasions to the shoulder, face and left hand. Pl. Ex. 10 at 131.

2. A three (3) centimeter laceration above his left eye requiring six (6) stitches. Pl. Ex. 10 at 240.

3. A comminuted radial head fracture of the left elbow, subluxation of the left elbow, and subluxation of the distal radioulnar joint. Pl. Ex. 10 at 251, 257; Tr. 8:6-7

---

[1]The Court notes that although Phyllis Saporito is listed as a plaintiff and she testified

4. Fractured right hyoid bone. Pl. Ex. 10 at 131.

   5. Loss of one tooth. Pl. Ex. 10 at 240.

Due to the radial head fracture in Saporito's left elbow, Dr. Sun performed surgery on Saporito, which included the replacement of the radial head with a prosthesis. Pl. Ex. 10 at 151. To fix the rupture of the interosseous membrane, Dr. Sun inserted "K-wires" through the skin to stabilize the bones. Tr. 11:18-21. After these surgeries, Saporito underwent a year of physical therapy. Tr. 90:23-24. However, Dr. Sun determined that the interosseous membrane and the TFCC did not heal well and were impinging on Saporito's wrist joint, causing him pain. Tr. 13:19-20. To alleviate the pain, Dr. Sun performed an ulnar-shortening osteotomy, which consists of removing "a piece of bone from the ulna to lower the distal ulnar joint" and inserting plates and screws to hold the bone together. Tr. 13:24-25; 16:21-23. Saporito continued to feel pain at the surgery site, apparently due to irritation from the implanted hardware. Tr. 16:21-23. As a result, Saporito had further surgery to remove the hardware in 2009. Tr. 16:23. This surgery was performed by a Dr. Hurst. Tr. 16:25.

I find that the arthritis in Saporito's elbow and wrist are a result of the accident and subsequent surgeries. Tr. 17:23-25. I find that Saporito has persistent pain in his elbow, especially while he is moving the affected arm, and persistent tightness and pain in his left wrist. Tr. 90. Saporito can no longer perform activities that were routine and enjoyable to him. Tr. 92-93. Notably, Saporito can no longer perform many household chores, perform routine outdoor chores, ride his motorcycle long distances, go fishing, or play the drums. Tr. 92-93.

## III. CONCLUSIONS OF LAW

New York law applies in this action brought pursuant to the Federal Tort Claims Act, 28

3

U.S.C. §§1346, 2871-80.  *See* 28 U.S.C. §1346 (b).  In New York, "[a] plaintiff who has been injured by another's negligence is entitled to a sum of money that will 'justly and fairly' compensate [him] for all losses proximately caused by the wrongdoing, to restore [him], to the extent possible, to the position [he] would have been in had the wrong not occurred." *Kane v. U.S.*, 189 F. Supp. 2d 40, 52 (S.D.N.Y. 2002) (citing *McDougald v. Garber*, 73 N.Y.2d 246, 538 N.Y.S.2d 937, 939, 536 N.E.2d 372 (1989)).  "Recovery for noneconomic losses such as pain and suffering and loss of enjoyment of life rests on 'the legal fiction that money damages can compensate for a victim's injury.' We accept this fiction, knowing that although money will neither ease the pain nor restore the victim's abilities, this device is as close as the law can come in its effort to right the wrong." *Kane*, 189 F. Supp. 2d at 52-53.

Pursuant to New York Insurance Law § 5104, absent a showing of "serious injury," a plaintiff may not recover for non-economic losses arising from an automobile accident.  N.Y. Ins. Law §5104.  However, Saporito argues that as a motorcyclist, he is exempt from proving "serious injury" under §5104 for the purposes of recovering non-economic losses.  Pl. Mem. at 3-4.  Defendant has not offered opposition on this point and the case law supports Saporito's argument.  *Kinch v. Dollar Rent-A-Car Systems, Inc.*, No. 98-CV-1917, 2000 WL 35904867, at *3 (W.D.N.Y. June 9, 2000) (citing *Carbone v. Visco*, 115 A.D.2d 948, 948 (4th Dep't 1985)).  Thus, I find Saporito need not prove that he suffered a "serious injury" to recover non-economic losses.

Generally, in a personal injury action "under New York law a plaintiff may recover his loss of earnings, medical expenses, and mental and physical pain and suffering." *Ulrich v. Veterans Admin. Hosp.*, 853 F.2d 1078, 1082 (2d Cir. 1988).  Here, Saporito seeks damages for

past pain and suffering, medical expenses, and future pain and suffering. Pl. Mem. at 2-4. "[A] district court reviews the evidence presented at trial in support of the challenged damage award and compares the award to other New York cases in which evidence of similar injuries was presented." *Presley v. U.S. Postal Service*, 317 F.3d 167, 173 (2d Cir. 2003) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 437-39 (1996)). "When determining a pain and suffering award, it is appropriate for the Court to review awards in comparable cases." *Kolerski v. U.S.*, No. 06-CV-422S, 2008 WL 4238924, at *5 (W.D.N.Y. Sept. 8, 2008) (citing *Furey v. U.S.*, 458 F. Supp. 2d 48, 56 (N.D.N.Y. 2006)).

Both parties have cited several cases to support each of their estimates for damages. However, these cases can be distinguished from the case at bar for various factual reasons. I find that this case is most similar to *Roshwalb v. Regency Maritime Corp.*, 182 A.D. 2d 401 (1st Dep't 1992), in which the plaintiff suffered a comminuted fracture of her elbow requiring the implantation of hardware and additional surgeries to alleviate the pain. In *Roshwalb*, the plaintiff was awarded a gross verdict of $750,000.00.

Here, as outlined above, Saporito suffered a comminuted radial head fracture of his elbow requiring prosthesis and two additional surgeries to relieve the pain from the original surgery. In addition, Saporito suffered road rash abrasions to several parts of his body, lost one tooth, fractured his hyoid bone, and received a laceration to his face. From the testimony presented at trial, I find that Saporito has permanent scarring from his injuries and has significant arthritis where his injuries occurred. I further find that Saporito continues to experience pain from his injuries and likely will for the rest of his life. In addition, I find that Saporito is no longer able to enjoy his life to the same standard he did prior to the accident. Therefore, I award Saporito

$370,136.24 in past pain and suffering, $29,863.76 for past medical expenses, and $350,000 for future pain and suffering and medical expenses for a total award of $750,000.

Finally, in the Memorandum and Order I issued on September 21, 2011 following the liability phase of this case, I directed plaintiffs' counsel to "electronically file a letter addressing Phyllis Saporito's role in this action." DE [26] at 12. To this date, plaintiffs' counsel has failed to file such a letter. Furthermore, although Phyllis Saporito testified at the damages trial, all of her testimony concerned her husband's injuries, not her own, and none of the supplemental papers submitted by plaintiffs contained a request for relief for any damages suffered by Phyllis Saporito. Therefore, due to plaintiffs' failure to abide the court's directives or to support her claims in any way, I deem Phyllis Saporito's claims in this matter to be abandoned.

Dated: Central Islip, New York
       September 30, 2013

**SO ORDERED:**

/s/William D. Wall
WILLIAM D. WALL
United States Magistrate Judge